IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

NORRIS DEON EVANS,   :
           :
     Plaintiff,   :
           :
   VS.      :
           :  Case NO. 5:11-CV-481 (WLS)
BRIAN OWENS; Warden DBRUG; :
Deputy Warden HANDBERRY;  :
Unit Mgr. JORDAN,    :
           :  PROCEEDINGS UNDER 42 U.S.C. § 1983
     Defendants. :  BEFORE THE U.S. MAGISTRATE JUDGE

## ORDER

Plaintiff **NORRIS DEON EVANS**, an inmate at the Baldwin State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He has failed to use the standard 42 U.S.C. § 1983 form that is required by this Court and he has failed to pay the required $350.00 filing fee or petition the Court to proceed *in forma pauperis*.

First, the Court notes that Plaintiff states he submitted a grievance to officials at Baldwin State Prison on November 30, 2011 and Plaintiff's handwritten complaint is dated November 30, 2011 as well. Plaintiff is required to exhaust his administrative remedies prior to submitting his lawsuit in this Court. 42 U.S.C. § 1997e(a). It is not enough that Plaintiff has filed a grievance; he must also have received a ruling and appealed any denials of relief through all levels of administrative review. *See Woodford v. Ngo*, 548 U.S. 81 (2006); *Booth v. Churner,* 532 U.S. 731 (2001); *Brown v. Sikes*, 212 F.3d 1205 (11th Cir.

2000).   If Plaintiff has not properly exhausted his administrative remedies, his action will be dismissed and such a dismissal will count as a strike under 28 U.S.C. § 1915(g).   After Plaintiff has accrued three strikes, he will no longer be allowed to proceed *in forma pauperis* in any civil action or appeal (other than habeas corpus) in the federal courts. Additionally, Plaintiff will remain responsible for the full filing fee ($350.00) even if his action is summarily dismissed for failure to exhaust.   Should Plaintiff wish to avoid the possible accrual of a strike and the responsibility of paying $350.00, he simply needs to notify the Court that he wishes to dismiss his action without prejudice to his rights to re-file such action as soon as he exhausts his administrative remedies.   The Court will then dismiss this action without prejudice.   Plaintiff can re-file his suit after he exhausts the available administrative remedies.

Alternatively, if Plaintiff wishes to proceed with his lawsuit at this time, he is instructed to complete and submit a 42 U.S.C. § 1983 form.   When doing so, Plaintiff is instructed to write legibly and to leave enough space between the lines of his writing so that the Court and named Defendants might be able to read the complaint.   Plaintiff has named four Defendants.   In the "Statement of Claim" section of the 42 U.S.C. § 1983 form, Plaintiff is instructed to name each Defendant separately and tell the Court how each named Defendant violated his constitutional rights.   It is not enough that Plaintiff has named these Defendants in the heading or caption of his complaint; he must tell the Court how each one of them violated his rights.

If Plaintiff wishes to proceed with this action, he must also either pay the filing fee ($350.00) or complete and file a financial affidavit along with a certified copy of his trust

fund account for the last six months or, if not incarcerated at Baldwin State Prison for at least six months, a certified copy of his account for whatever shorter period of time he has been incarcerated at that facility.

Plaintiff has **TWENTY-ONE** days from the date shown on this Order to either notify the Court that he wishes to dismiss his action without prejudice to his rights to re-file once he exhausts his administrative remedies **OR** submit the completed 42 U.S.C. § 1983 form along with the $350.00 filing fee or application to proceed *in forma pauperis* .

The Clerk of Court is **DIRECTED** to forward the appropriate §1983 form, financial affidavit, and copy of this Order to Plaintiff.

There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 6th day of December, 2011.

S/STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE